Terry Lee VORE, Appellant–Respondent,

v.

Dana Lorainne (Vore) McFARLAND,
Appellee–Petitioner.

No. 34A02–9212–CV–00638.

Court of Appeals of Indiana,
Second District.

July 14, 1993.

☞309.2(3)

Bradley L. Varner, Elkhart, for appellant-respondent.

Mark A. Ryan, Williams & Ryan, Kokomo, for appellee-petitioner.

SHIELDS, Judge.

Terry Vore appeals the trial court's determination of his child support obligation.

We affirm.

ISSUES

Terry presents three issues for our review which we reorder and rephrase as:

1. Did the trial court err in calculating Terry's child support obligation without considering that he is legally obligated to support two children from his subsequent marriage?

2. Did the trial court err in ordering Terry to pay child support for his children in addition to one-half of their college expenses?

3. Did the trial court err in ordering Terry to pay one-half of his children's college expenses without also requiring the children to apply for student loans?

## FACTS

The marriage of Terry Vore and Dana (Vore) McFarland was dissolved in September, 1978. At that time their children, Wendy and Adam, were seven- and three-years-old respectively. The original dissolution decree required Terry to pay $80 per week for child support; it did not include a provision regarding college education expenses for the children.

In July, 1988, Dana filed a petition to modify the dissolution decree seeking an increase in Terry's child support payments and contributions by Terry to the children's college educations in the event they chose to attend college. The trial court increased Terry's child support payments to $160 per week and ordered him to pay one-half of any college educational expenses incurred by the children. Terry appealed this order; this court affirmed the increase in support, but reversed the order regarding college expenses because the record did not contain evidence concerning the ability and aptitude of the children. *See Vore v. Vore* (1990), Ind.App., 563 N.E.2d 154 (*affirmed by Vore v. Vore* (1991), Ind., 573 N.E.2d 397).

On July 18, 1991, Dana filed a Motion to Modify Support Order, again asking the court to order Terry to contribute to the children's college educational expenses. On December 11, 1991, Terry filed his own petition to modify in which he sought to reduce his child support payment for Adam and to terminate child support for Wendy, now in college.

After a hearing, the trial court continued Terry's child support obligation at $160 per week [1] and ordered him to pay one-half of the children's college educational expenses. Terry appeals.

## DISCUSSION

■ Our review of the trial court's order modifying Terry's child support obligation is governed by an abuse of discretion standard. *Carr v. Carr* (1991), Ind.App., 580 N.E.2d 966, 967. Therefore, we will not reverse the trial court's judgment unless it is unsupported by substantial evidence. *Id.*

### I.

■ Terry argues the trial court erred when it did not consider his legal obligation to support two children from his subsequent marriage. The Ind. Child Support Guidelines (Guidelines) are based upon a "first in time, first in right rule," in which the court-ordered or legal obligation to support children from a subsequent marriage is not a basis for decreasing the amount of support to which the children of a former marriage are entitled. *See* Commentary to Child Supp.G. 3(C) (1992) ("When considering a petition to modify support arriving out of a prior marriage, no deduction is allowed for support ordered as a result of a second or subsequent marriage."). The rationale is that children of the prior marriage are entitled to the standard of living they would have enjoyed had the marriage not been dissolved. *See* Child Supp.G. 1; IC 31-1-11.5-12 (1992 Supp.). Thus, the trial court properly refused to consider Terry's obligation to his two children from a subsequent marriage when it determined his child support obligation to Wendy and Adam.

### II.

■ Terry claims the trial court erred when it ordered him to pay both child support and college educational expenses for his daughter Wendy and his son Adam. He argues that he should not be required to pay child support for his children because his contribution to their college ex-

---

1. However, the trial court ordered Terry's support obligation to continue at $80 per week when Wendy attained twenty-one years of age.

penses covers their room and board as well as their tuition and books.

The Commentary to Child Supp.G. 3(E) (1992) provides that, if college educational expenses are provided separate from child support, "support paid to the custodial parent should be reduced or eliminated, at least while the student is away from the household and at school." The trial court's judgment is consistent with this commentary.

The trial court found the combined weekly gross income of Terry and Dana to be approximately $1700; Dana at $767 per week and Terry at $887 per week plus a yearly performance bonus, which was $4500 in 1990 and $5000 in 1991.[2] Applying the Guidelines, the presumptive amount of support for two children whose parents have a combined income of $1700 is $350 per week. Under the Guidelines, Dana is presumptively responsible for 45.1% of that amount, or $157.85, and Terry is responsible for the remaining 54.9%, or $192.15. The trial court thus reduced Terry's child support obligation by $32.15; that is, from the presumptive amount of $192.15 to $160. This amount is approximately equal to Terry's portion of Wendy's college expenses.[3] Thus, the trial court's order does not result in Terry being "double dipped" with regard to Wendy's support, as the total amount of his support and educational obligation to the children is approximately the presumptive amount under the Guidelines.

 Terry also argues that he should "be relieved of the obligation to pay support on behalf of Adam when and if Adam attends college should [Terry] help pay Adam's college expenses." Appellant's Brief at 15. This argument is presently unavailing. Until such time as Adam matriculates, Terry is unable to provide a factual basis to support his claim that the prospective obligation constitutes a present abuse of discretion.

## III.

 Finally, Terry argues the trial court erred in ordering him to pay one-half of Wendy and Adam's college educational expenses without requiring that the children also contribute to these expenses. The court did not abuse its discretion in this regard.

The Commentary to Child Supp.G. 3(E) (1992) provides:

> If [support] is for higher education, the court should consider scholarships, grants, student loans, summer and school year employment and other cost-reducing programs available to the student. The student should be expected to actually apply for available aid, and a failure to do so should be considered when establishing educational expense.

The evidence reveals that Wendy applied for and received scholarships sufficient to cover the entire cost of her freshman year of college. She then applied for scholarships for the subsequent years, but was unsuccessful. Rather than applying for student loans, Wendy works as a resident advisor in a dormitory at school, a position which provides her with a small salary and a free meal plan. Wendy also works for the university during the summer. Considering these considerable efforts by Wendy to materially reduce the cost of her education, Terry's position is untenable. Until such time as Adam is in college, Terry has failed to provide any factual basis for determining the trial court abused its discretion with regard to Adam.

Judgment affirmed.

ROBERTSON and SULLIVAN, JJ., concur.

2. A yearly bonus of $4500 is equal to $86.53 per week; a yearly bonus of $5000 is equal to $96.15 per week. The trial court found that Dana earned $767 per week, that Terry earned $877 per week, and that the two parents together made $1700 per week. Thus, the trial court attributed $46 per week ($1700 − $767 − $887) to Terry for his yearly bonus. While this amount is significantly less than his bonus for the past two years, Terry testified a reduction was likely this year due to the economy.

3. The trial court found that Wendy's college expenses for the 1991–92 school year were $3291.79; Terry's portion would be $1645.90, or $31.65 per week.