Michael J. ROCKSTROH, Appellant–
Respondent,

v.

Cynthia ROCKSTROH, Appellee–
Petitioner.

No. 45A03–9405–CV–00171.

Court of Appeals of Indiana,
Third District.

Jan. 19, 1995.

Margaret A. Robinson, Hammond & Robinson, Merrillville, for appellant.

OPINION

STATON, Judge.

Michael Rockstroh ("Michael") appeals the lower court's judgment modifying child support. Michael raises one issue on appeal which we restate as follows: whether the lower court erred in failing to articulate the reasons for the modification of support.

We reverse and remand for findings.

The facts most favorable to the judgment are as follows. Michael and his former wife, Cynthia Pasternak, obtained a decree dissolving their marriage in which the court incorporated the parties' child custody agreement. Later, Michael was fired from his employment and sought a modification of child support. An unrecorded hearing was held on Michael's motion, after which the trial judge entered the following decree:

Comes now Cynthia L. Pasternak ... and Michael J. Rockstroh ... having filed a petition for Modification of Child Support.... The Court having examined said petition, being duly advised, and hearing evidence, IT IS NOW ORDERED, ADJUDGED AND DECREED as follows:

1.... From August 19, 1992, to November 2, 1993, the Father's support is to be calculated by *imputing his former income* of $975.00 to him.... Pursuant to the Guidelines, Father's support will be calculated at the rate of $123.85 per week from August 19, 1992 to the present.... 2. Since Father is not earning $975.00 per week at this time, he is to pay Mother $56.04 per week, although support will actually be $123.85 per week. This amount is calculated on Father's weekly income of approximately $410.00.... That from November 2, 1993, Father is to begin paying support at the rate of $56.04 per week; however, his arrearage will accrue on the amount of $123.85 per week. That means

Father will accrue a weekly arrearage of $67.81.

Record, p. 125–126.[1]

■ We first note that Cynthia has failed to file an appellee's brief. As such, Michael must only show prima facie error to win reversal. *Delval v. PPG Industries, Inc.* (1992), Ind.App., 590 N.E.2d 1078, 1080, *trans. denied.*

■ Michael argues that the trial court varied from the presumptive child support amount and imputed income to him without entering findings. The trial court may not impute income to a party absent a finding, supported by the evidence, that the party is voluntarily unemployed or underemployed. *Garrod v. Garrod* (1992), Ind.App., 590 N.E.2d 163, 168. The trial court has made no such finding. In addition, the trial court may not vary from the presumptive child support amount without entering written findings articulating the factual circumstances supporting that conclusion. *Talarico v. Smithson* (1991), Ind.App., 579 N.E.2d 671, 673; Child Support Guideline 3. These findings need not be formal but must set out the reason for the deviation so that this court may know the basis for the decision. *Id.* The trial court failed in this regard as well.

We remand to the trial court with instructions to enter specific findings supporting imputing income to Michael and deviating from the presumptive child support.

HOFFMAN and RILEY, JJ., concur.

---

1. This is the only explanation of the trial court's calculations. The $123.85 aggregate amount is based upon an imputed weekly income of $975.00. The $56.04 per week is based upon Michael's present income of $410.00 weekly.