# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 12 2017, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary J. Stock
Zachary J. Stock, Attorney at Law, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Michael Cheerva
Emswiller Williams Noland &
Clarke, PC
Indianapolis, Indiana

Brent C. Embrey
Embrey Law Office
Fishers, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Bruce W. Shaw,

*Appellant-Respondent,*

v.

Sheri E. Shaw,

*Appellee-Petitioner.*

April 12, 2017

Court of Appeals Case No.
29A04-1607-DR-1556

Appeal from the Hamilton
Superior Court

The Honorable J. Richard
Campbell, Judge
The Honorable William P.
Greenaway, Magistrate

Trial Court Cause No.
29D04-0611-DR-2120

**Pyle, Judge.**

# Statement of the Case

When the marriage of Bruce Shaw ("Father") and Sherie Shaw ("Mother") was dissolved in 2007, the parties agreed that they would keep their respective retirement accounts. In 2015, Father took a $177,000 early withdrawal from his retirement account. The trial court subsequently included this withdrawal in a supplemental child support calculation and ordered Father to pay Mother 8% of the withdrawal. The trial court also ordered Father to pay $12,000 of Mother's attorney fees. Father argues that the trial court erred in ordering him to pay Mother 8% of his retirement account withdrawal and $12,000 of her attorney fees. After reviewing the evidence, we conclude that the trial court did not abuse its discretion in ordering Father to pay $12,000 of Mother's attorney fees. However, the trial court abused its discretion when it included Father's early withdrawal from his retirement account in its supplemental child support calculation and ordered Father to pay Mother 8% of the withdrawal. We therefore affirm in part, reverse in part, and remand with instructions for the trial court to remove Father's retirement account withdrawal from its supplemental child support calculation.

We affirm in part, reverse in part, and remand.

# Issues

1. Whether the trial court abused its discretion when it ordered Father to pay $12,000 of Mother's attorney fees.

2.  Whether the trial court abused its discretion when it included Father's early withdrawal from his retirement account in its supplemental child support calculation.

## Facts

Mother and Father were married in August 1995.  Their son, J.S. ("J.S."), was born in May 1997, and their daughter, K.S. ("K.S."), was born in June 1999. In November 2006, Mother filed a petition for dissolution of marriage.  In 2007, Mother and Father entered into a settlement agreement that resolved all issues, including property division, child custody, child support, and parenting time. Specifically, Mother and Father agreed to joint legal and physical custody of their children and determined that neither parent would owe child support because the children were going to spend half of their time with each parent, and the parties' incomes were similar.  Mother and Father further agreed that Father would pay 48% and Mother would pay 52% of certain expenses incurred in the support of their children.[1]  Mother and Father also agreed that they would keep their respective retirement accounts, including "all IRA's, 401(k)'s, or other retirement funds currently held in their own names."  (App. 42).

Eight years later, in 2014, Mother filed petitions to modify child custody and support and to show cause.[2]  Evidence presented at the January 2015 hearing

___

[1] This included expenses for:  (1) medical treatment; (2) medical insurance; (3) extra-curricular activities; (4) educational costs such as books, field trips, and school pictures; (5) clothing; and (6) work-related child care.

[2] These petitions are not included in Mother's Appendix.

on the petitions revealed that the parties' custody and support agreement had worked until the fall of 2011, when Father had begun going out of town every weekend. Mother explained that during this time, "it was a lot of mental and emotional anguish with the kids regarding the absence and – and disengagement as they felt with their dad." (Tr. 28).

[5] Father remarried in 2012. Over the next two years, Father and J.S. maintained contact, but the relationship between K.S. and her father became more strained. At the time of the hearing, Father and K.S. had had almost no contact for ten months. K.S.'s therapist believed that some form of family counseling was necessary to get their relationship "on track." (Mother's Ex. 1). Mother asked the trial court to grant her both legal and physical custody of K.S. She also asked the trial court to order Father to pay both child support and her attorney fees.

[6] Following the hearing, the trial court issued an order in February 2015 wherein it: (1) denied Mother's request for legal custody of K.S.; (2) granted Mother's request for physical custody of K.S.; (3) awarded Father parenting time with K.S. in accordance with the Indiana Parenting Time Guidelines; and (4) ordered Father to contact K.S.'s therapist within seven days of the date of the order to begin family counseling with K.S. The trial court also ordered Father to pay: (1) $77.00 per week in child support; and (2) 8% of his adjusted gross income in excess of $93,506.92 as supplemental child support. Lastly, the trial court held Father in contempt for failing to pay Mother $3,646.69 for his share

of the children's expenses when he had the ability to do so and ordered Father to pay $5,000.00 of Mother's attorney fees. Father did not appeal this order.

[7] In August 2015, Mother filed petitions for modification of custody, visitation, and child support, as well as contempt. In the petitions, Mother explained that Father had relocated to Illinois in June 2015 without telling Mother. Mother further explained that K.S. was now with Mother "100% of the time." (App. 58). In addition, Mother advised the trial court that Father had not participated in family counseling with K.S. as previously ordered. Mother also requested legal custody of K.S.

[8] Eight months later, in April 2016, Mother filed an amended motion for contempt wherein she explained that Father had had no contact with K.S. for the prior four months and had still failed to comply with the trial court's order regarding family counseling with K.S. Mother further explained that Father had accumulated child support and uninsured medical expenses arrearages and had "unreasonably withheld his consent to extracurricular activities in order to avoid payment." (App. 80). Mother also explained that Father had not paid supplemental child support. Mother asked the trial court to hold Father in contempt. She also asked the trial court to order Father to pay supplemental child support as well as extracurricular expenses, uninsured medical expenses, and child support arrearage. She further asked the trial court to order Father to participate in counseling with K.S. Lastly, Mother asked the trial court to order Father to pay for her attorney fees.

[9] From the time Mother filed the August 2015 petitions until the hearing on the petitions in May 2016, Father filed seven motions to continue the hearing. Testimony at the May 2016 hearing revealed that Father's job in Indianapolis had ended in February 2015, and he had moved to Chicago in June 2015. He admitted that he was not current on his child support payments and had not paid anything for his children's uninsured medical expenses or extracurricular activities since January 2015. Father also admitted that he had not participated in counseling with his daughter as previously ordered by the trial court. Father's income tax return listed his total 2015 income as $335,755. Father, however, explained that $177,968 of that total was attributable to an early withdrawal from a 401(k) retirement account that he had been awarded in the parties' 2007 dissolution. Father further explained that he had taken this withdrawal to pay off debt that he had accrued after the dissolution of his marriage to Mother and to cover the extraordinary medical expenses of his second wife, which were approximately $57,000. Father also testified that "caring for children is – is a financial burden . . . . That's how I feel and that's what it's been since I've been divorced." (Tr. 220). Mother testified that her children had been with her one hundred percent of the time since Father had moved to Chicago.

[10] In June 2016, the trial court issued a sixteen-page order that awarded sole legal custody of K.S. to Mother. The trial court also ordered Father to pay $179.00 per week in child support, retroactive to August 14, 2015. In addition, the trial court included Father's $177,000 withdrawal from his retirement account in its

supplemental child support calculation and ordered Father to pay Mother eight percent of this withdrawal. Specifically, the trial court concluded that because the "$177,000 from the cashed-in annuity would have inured to the benefit of the Parties' children had the marriage remained intact . . . the same is 'income' within the meaning of the Guidelines." (App. 29).

[11] The trial court also explained that its previous order regarding father/daughter counseling remained in force notwithstanding the distance involved. The trial court ordered Father to comply with all terms of its prior order's counseling requirements within thirty days. In addition, the trial court held Father in contempt for failing to pay child support, supplemental child support, and court-ordered expenses. The trial court also held Father in contempt for failing to comply with the counseling requirement set forth in its prior order. The trial court further noted that the parties had similar access to resources and had virtually identical earning abilities with respect to regular income. The trial court then concluded that Father's misconduct in failing to pay child support, in conjunction with the delays in the proceedings caused by Father's seven motions for continuances, justified an award of attorney fees to Mother. Accordingly, the trial court ordered Father to pay Mother $12,000 in attorney fees. Father now appeals.

## Discussion

[12] Father argues that the trial court abused its discretion in: (1) ordering him to pay $12,000 of Mother's attorney fees; and (2) including Father's early

distribution from his retirement account in its supplemental child support calculation. We address each of his contentions in turn.

### 1. Attorney Fees

[13] Father first argues that the trial court abused its discretion in ordering him to pay $12,000 of Mother's attorney fees. In post-dissolution proceedings, the trial court may order a party to pay a reasonable amount for attorney fees. IND. CODE § 31-16-11-1. The trial court has broad discretion in awarding attorney fees. *Gilbert v. Gilbert*, 777 N.E.2d 785, 795 (Ind. Ct. App. 2002). We will reverse the trial court's decision only when it is against the logic and effect of the facts and circumstances before the court. *Id.*

[14] In assessing attorney fees, the court may consider such factors as the resources of the parties, the relative earning ability of the parties, and other factors that bear on the reasonableness of the award. *Himes v. Himes*, 57 N.E.3d 820, 830 (Ind. Ct. App. 2016), *trans. denied*. In addition, any misconduct on the part of one of the parties that directly results in the other party incurring additional fees may be taken into consideration. *Id.* The court need not given reasons for its determination. *Gilbert*, 777 N.E.2d at 795.

[15] Here, Father does not challenge the reasonableness of the attorney fees. Instead, he argues that the "trial court … neither properly consider[ed] these various factors nor found facts sufficient to support the award of fees." (Father's Br. 14). However, our review of the evidence reveals that the trial court considered both the resources of the parties and their relative earning

abilities. The trial court also concluded that Father's misconduct in failing to pay child support, in conjunction with the delays in the proceedings caused by his seven motions for continuances, justified an award of attorney fees to Mother. These were proper considerations in the award of attorney fees, and Father's misconduct supports the trial court's attorney fee order. We find no abuse of the trial court's discretion.

## 2. Child Support

Father also argues that the trial court abused its discretion when it included Father's early withdrawal from his 401(k) retirement account in its supplemental child support calculation. Decisions regarding child support rest within the sound discretion of the trial court. *Taylor v. Taylor*, 42 N.E.3d 981, 986 (Ind. Ct. App. 2015), *trans. denied*. Thus, we reverse child support determinations where the trial court has abused its discretion. *Id.*

In support of his argument, Father directs us to *Scoleri v. Scoleri*, 766 N.E.2d 1211 (Ind. Ct. App. 2002). There, the father filed a motion to modify child support after his job ended and he had to take a lower-paying job. The trial court denied the father's motion, and the father appealed. Specifically, the father argued that the trial court had erred when it considered the early withdrawal from his retirement account as income that should be included in the father's child support obligation calculation. After discussing the nature of a 401(k) plan, we determined that because the withdrawal was received by the father and was immediately available for use and reduced the father's living expenses, the withdrawal constituted income within the meaning of the Indiana

Child Support Guidelines. *Id.* at 1217. However, because Father received his 401(k) account as part of the marital property distribution, this Court concluded that "to utilize the return from Father's early withdrawal from his 401(k) in the calculation of his weekly gross income would usurp the equitable split of the marital property in the summary dissolution decree." *Id.* We further explained that the parties presumably "agreed that Father would retain his 401(k) in exchange for Mother retaining the marital home. . . . Without any evidence to the contrary, we deem it inequitable to utilize Father's portion of the marital property, his 401(k) account, in the calculation of his weekly gross income." *Id.* at 1218. Based on the facts and circumstances of the case, we held that the trial court had erred in using Father's early withdrawal of his 401(k) account in calculating his child support obligation. *Id.*

[18] Here, as in *Scoleri*, the trial court correctly concluded that Father's withdrawal from his 401(k) was income. However, because Father retained the 401(k) as part of a marital property settlement agreement, the trial court erred when it included Father's early withdrawal from the 401(k) in its supplemental child support calculation. *See id.* Here, as in *Scoleri*, the parties agreed that each would retain his or her respective retirement account, and it would be inequitable to use Father's funds from the account in the calculation of his supplemental child support obligation. *See id.* We, therefore, reverse and remand with instructions for the trial court to remove Father's retirement account withdrawal from its supplemental child support calculation.

Affirmed in part, reversed in part, and remanded.

Baker, J., and Mathias, J., concur.