Randy A. KINSEY, Appellant
(Petitioner Below),

v.

Angela A. KINSEY, Appellee
(Respondent Below).

No. 30S01–9409–CV–854.

Supreme Court of Indiana.

Sept. 8, 1994.

James W. McNew, Brand & Allen, Greenfield, for appellant.

Angela A. Kinsey, pro se.

ON PETITION TO TRANSFER

DICKSON, Justice.

May a trial court enter a child support order in an amount which exceeds that derived by application of the Indiana Child Support Guidelines? To address this issue, we grant transfer.

Respondent–Appellee Angela Kinsey ("Mother") and petitioner-appellant Randy Kinsey ("Father"), the parents of one child, were divorced on April 8, 1991. Under a settlement agreement which became part of their divorce decree, Father, the non-custodial parent, who had been earning $827.00 weekly ($43,734.00 annually), was to pay $200.00 per week in child support, an amount higher than that derived from application of the guidelines. On March 30, 1992, Father, citing a decline in his financial condition that reduced his weekly income to $480.00 (approximately $25,000.00 annually), filed a petition seeking downward modification of his child support obligation to an amount commensurate with support guidelines. The trial court found a substantial and continuing change in Father's financial circumstances and lowered Father's weekly obligation to

$140.00, although strict application of guidelines yielded a weekly support sum of $80.00. Upon appeal by Father, the Court of Appeals reversed, finding the modified support to be excessive and expressing doubt as to the validity of any award of child support in excess of that prescribed by the guidelines. *Kinsey v. Kinsey* (1993), Ind.App., 619 N.E.2d 929. Mother now seeks transfer.

In his appeal from the trial court's modification order, Father argues that it was error for the trial court to deviate from child support guidelines which bear a rebuttable presumption of correctness. He contends that the decline in his annual income from $43,734.00 to $25,000.00 represents a substantial and continuing change of circumstances warranting modification of his child support obligation and that Mother failed to present evidence sufficient to rebut a conclusion that $80.00 was the presumptively correct amount of weekly child support. He contends that the trial court erroneously based its deviation from the guidelines upon the fact that his original agreement to pay $200.00 weekly was part of a total "financial package," including a disposition of property, to avoid exhaustive discovery and end litigation and related fees. Moreover, he argues that his prior agreement to pay $200.00 in child support does not prevent him from subsequently seeking a modification of the support agreement based upon a substantial and continuing change of circumstances. Father also contends that the trial court improperly based the $140.00-per-week obligation upon its observation that an immediate reduction from $200.00 to $80.00 would result in the elimination of many discretionary items provided to the child, thus causing an alteration in the child's standard of living. Father asserts that, rather than a permanent deviation from the $80.00 weekly support payment, a more proper disposition would have phased in an $80.00-per-week payment over a period of time to permit a gradual adjustment to an altered standard of living.

With respect to a determination of a child support amount, Ind. Child Support Guideline 3(F)(2) provides that, after consideration of factors enumerated in Ind.Code § 31–1–11.5–12(a) and (b),[1] if "the court finds that the Guideline amount is unjust or inappropriate in a particular case, the court may state a factual basis for the deviation and proceed to enter a support amount that is deemed appropriate."

In the present case, the trial court stated the following as a factual basis for its deviation from the suggested guideline support level:

(A) The agreement to pay $200 per week was part of a total "financial package" contained in the Settlement Agreement;

(B) Husband agreed to the $200 per week, in part, to terminate exhaustive discovery concerning his business and to end litigation and related fees;

(C) The Guidelines caution that modifications should be avoided which cause drastic alteration in a standard of living; and

(D) An immediate reduction from $200 to $80 per week would cause an elimination of many discretionary items provided to the child and, thus, cause an alteration in the child's standard of living.

Finding 10, Record at 328.

This Court has determined that reversal of a trial court's child support order deviating from the appropriate guideline amount is merited only where the trial court's determination is clearly against the logic and effect of the facts and circumstances before the trial court. *Humphrey v. Woods* (1991), Ind., 583 N.E.2d 133, 134. In the appellate review of modification orders, weight and credibility are disregarded, and

1. Ind.Code § 31–1–11.5–12(a) provides that a court may order either or both parents to pay a reasonable amount for support of a child after considering all relevant factors which include: (1) the financial resources of the custodial parent; (2) the standard of living the child would have enjoyed had the marriage not been dissolved or had the separation not been ordered;

(3) the physical or mental condition of the child and the child's educational needs; and (4) the financial resources and needs of the noncustodial parent. Ind.Code § 31–1–11.5–12(b) permits a child support order to include, where appropriate, sums related to the child's education and special medical expenses necessary to serve the best interests of the child.

only evidence and reasonable inferences favorable to the judgment are considered. *In re Marriage of Richardson* (1993), Ind., 622 N.E.2d 178, 179; *Meehan v. Meehan* (1981), Ind., 425 N.E.2d 157, 161. The modification should not be set aside unless clearly erroneous, with due regard for the opportunity of the trial court to judge the credibility of the witnesses. *Richardson,* 622 N.E.2d at 179; *Humphrey,* 583 N.E.2d at 134.

In its review of the support modification, the Court of Appeals concluded that the guidelines "do not contemplate deviations from guidelines support in excess of the guideline amount," *Kinsey,* 619 N.E.2d at 933, and further stated "[w]e cannot contemplate any circumstances which would justify a trial court's award of child support in excess of the amount resulting from application of the guidelines." *Id.* at 937. This is incorrect.

Indiana Child Support Rule 3 states: "If the court concludes from the evidence in a particular case that the amount of the award reached through application of the guidelines would be unjust, the court shall enter a written finding articulating the factual circumstances supporting that conclusion." The Commentary accompanying Support Guideline 1 advises judges to "avoid the pitfall of blind adherence to the computation for support without giving careful consideration to the variables that require changing the result in order to do justice." Indiana Child Support Guideline 1 Commentary. The guidelines provide that if a trial court finds a guideline amount unjust or inappropriate, the court may state a factual basis for deviating from that amount. Nowhere do the guidelines suggest that such a deviation be limited to an amount below rather than above the suggested guideline.

We hold that child support exceeding the Child Support Guidelines may be ordered if supported by proper written findings justifying the deviation.

In the present case, the finding of facts issued by the trial court, Record at 327–28, comports with the procedure necessary to deviate from a guideline amount. We are not persuaded that it was clearly erroneous

for the trial court to have based a deviation from the guidelines upon its finding of facts. There was no abuse of discretion.

Transfer is granted. The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and SULLIVAN, JJ., concur.