David GARROD, Appellant
(Respondent Below),

v.

Susan GARROD, Appellee
(Petitioner Below).

No. 79S05–9509–CV–1048.

Supreme Court of Indiana.

Sept. 12, 1995.

David K. Garrod, West Lafayette, pro se.

Susan Garrod, West Lafayette, pro se.

Margret Robb, Lafayette, for appellee.

SHEPARD, Chief Justice.

What circumstances might warrant a trial court to order a child support payment higher than the level presumed appropriate under the Indiana Child Support Guidelines? In this case, the trial court cut an obligor's weekly payment nearly in half to $70 per week after he lost a part-time job. The court noted that the obligor seemed to have money for regular trips to Europe, new cars, and a second home, sustained on a net worth of $600,000, and concluded that he could afford more than the Guideline amount of $50 per week. The obligor appeals, seeking a further reduction. We affirm the trial court.

## I.  History of the Case

Appellant David Garrod and appellee Susan Garrod were divorced in November 1988. The court awarded custody of the couple's three year old son to Susan. David was assured substantial time with the child.[1] The

---

1.  In August 1990, the trial court approved a stipulation and agreed entry which modified David and Susan's Christmas and Spring visitation schedule. The new schedule also provided that each parent had the right to keep the child

trial court also ordered David to pay weekly child support of $125, plus all reasonable and necessary uninsured medical expenses. In turn, Susan was ordered to maintain the child's health insurance and David and Susan were to share equally the child's education expenses.

Two years later, David petitioned the court for modification of the support order, alleging a substantial and continuing change of circumstances warranted the reduction of his support obligation. Ind.Code Ann. § 31–1–11.5–17(a)(1) (West Supp.1994). David asserted that he had lost his job as a part-time professor at Purdue University, from which he had previously earned $14,000 per year, and that investment properties he owned had become less profitable.

The trial court denied David's petition in March 1991, finding that David had "potential income" of $60,000 to $80,000 and that he had failed to prove a substantial and continuing change of conditions which would justify modification. David subsequently appealed. The Indiana Court of Appeals reversed, holding the court erred when it calculated David's support obligation based on his potential, rather than actual, income. *Garrod v. Garrod,* (1992), Ind.App., 590 N.E.2d 163. The Court of Appeals thus remanded for a finding of David's support obligation without consideration of potential income. It noted, however, that David's expenses and assets were proper matters to consider in evaluating whether to deviate from the Guidelines. *Id.* at 168.

On remand, the trial court reduced David's support obligation from $125 to $70.49 per week, finding:

> 31. Strictly applying the child support guideline, David would pay support in the amount of $50.49 ...

> 39. David has a net worth in excess of $600,000.00 consisting primarily of rental properties.

during periods when the other parent would normally hire a babysitter.

**2.** Alternatively, Ind.Code § 31–1–11.5–17(a)(2)(A) provides that a support order may also be modified on a showing that the amount of support previously ordered differs from the

> 40. In considering whether to deviate from the guideline, the Court has considered David's assets and expenditures on such items as vacations, new cars, and a second home to determine whether David has an ability to pay child support above what his income may indicate under the guidelines....

R. 153–54.

David appealed the trial court's modification, claiming he was entitled to a further reduction of $20 per week. The Court of Appeals affirmed. *Garrod v. Garrod,* No. 79A05–9309–CV–351, 640 N.E.2d 450 (Ind. App. Sept. 26, 1994). We grant David's petition to transfer the appeal to this Court.

David raises two issues on appeal: (1) whether the trial court erred in refusing to reduce his support obligation based on visitation with the child, and (2) whether the trial court erred by considering his net worth when ordering child support in excess of the Guidelines' presumptive amount. The Court of Appeals correctly resolved this first issue and we summarily affirm their decision on that point. Ind.Appellate Rule 11(B)(3). We proceed to David's second issue.

## II. *Standard of Review*

When considering a request to modify support, the trial court must determine whether there has been a change in circumstances so substantial and continuing as to make the existing order unreasonable. Ind.Child Support Guideline 4; Ind.Code Ann. § 31–1–11.5–17(a)(1) (West Supp.1994).[2] On appellate review of a child support order, the judgment will not be reversed unless it is clearly erroneous. *Humphrey v. Woods* (1991), Ind., 583 N.E.2d 133, 134; *see also* Ind.Trial Rule 52(A) (claims tried without a jury or with an advisory jury are set aside only if clearly erroneous). Accordingly, we will reverse a support order which deviates from the Guidelines' presumptive amount only "where the trial court's determination is

Guidelines' presumptive amount by more than twenty percent. *See also* Ind.Child Support Guideline 4, cmt. David pled this statute before the trial court but does not raise it as an issue on appeal.

clearly against the logic and effect of the facts and circumstances before the trial court." *Kinsey v. Kinsey* (1994), Ind., 640 N.E.2d 42, 43.

### III. Net Worth: A Factor in Determining Child Support

■ In 1989, this Court adopted the Guidelines to facilitate adequate support awards for children, to make awards more equitable by ensuring consistent treatment of persons in similar circumstances, and to improve the efficiency of the process of determining support. Child Supp.G. 1 & Commentary. We have advised trial courts that achieving these ends does not require treating the Guidelines as "immutable, black letter law." *Id.* at Commentary. Rather, there are situations which call for flexibility and courts should "avoid the pitfall of blind adherence to the [Guidelines'] computation for support without giving careful consideration to the variables that require changing the result in order to do justice" in such circumstances. *Id.* Deviation is proper if strict application of the Guidelines would be "unreasonable, unjust, or inappropriate." *See, e.g., Humphrey,* 583 N.E.2d at 135.

■ This Court's endorsement of flexibility in applying the Guidelines where strict application would be improper extends to modification proceedings. *Kinsey,* 640 N.E.2d at 44. In *Kinsey,* we explained that

if the trial court considers the factors enumerated in Indiana Code Subsections 31–1–11.5–12(a) and (b),[3] and then finds the Guidelines' amount to be unjust or inappropriate, the court may state its factual basis for deviation and order a modification which deviates from the Guideline's presumptive amount. *Id.* at 43, 44 (holding trial court's $60 per week deviation not erroneous). The Guidelines reflect this approach. *See* Child Supp.G. 3(F)(2).

■ David alleges the trial court erred by ordering him to pay $70.49 in weekly child support, a sum which exceeds the Guidelines' presumptive amount by $20. We cannot agree. The evidence at trial revealed that David purchased a boat, a truck and a car in the twenty-six months between the dissolution and request for modification. R. 263. He also managed the added expenses of owning and maintaining both a primary residence and a vacation home, owning and maintaining two other vehicles from the years before the divorce, and traveling to England three times a year. R. 263, 213–14. This evidence confirmed that David's expenditures and net worth suggested strongly that he could afford to contribute more than $50 a week towards supporting his son.[4]

The trial judge conducted a meticulous accounting of the relevant income statistics for both David and Susan before ordering a deviation from the Guidelines.[5] We there-

---

**3.** Ind.Code Ann. § 31–1–11.5–12(a) (West Supp. 1994) dictates that a court may order either or both parents to pay any reasonable amount for child support after considering all relevant factors including:

  "(1) the financial resources of the custodial parent;
  (2) the standard of living the child would have enjoyed had the marriage not been dissolved ...;
  (3) the physical or mental condition of the child and the child's educational needs; and
  (4) financial resources and needs of the noncustodial parent."

Subsection (b) of the statute indicates that the support order may include, where appropriate, sums for the child's education, special health-related expenses and fees mandated under the federal Social Security Act, 42 U.S.C.S. §§ 651 to 669 (Law Co-op. 1985 & Supp.1995).

**4.** The court based its conclusions on the transcript of the original modification hearing and

the parties proposed findings of fact and conclusions of law without consideration of new evidence. It did so because both David and Susan stipulated to this review. David did not introduce any evidence at the original hearing on the petition to modify or on remand in dispute of his extensive expenditures or net worth.

**5.** When calculating the support obligations on the petition for modification, Judge Jeffrey Smith looked to David's 1988–90 incomes. He took detailed account of various capital gains, tax-free income paid into pension funds, depreciation and the like. He did the same with Susan's income and investments.

  Although he noted that David's net worth suggested that deviation from the Guidelines was appropriate because he had an ability to pay beyond his income, Judge Smith found that any deviation should be offset somewhat by the expenses incurred during visitation with the child. R. 150–55.

fore hold that the trial court's order of $70.49 and its conclusion that David had the ability to pay an amount beyond what his income suggested was not clearly erroneous.

In his summary of the issues, David claims that the trial court unfairly relied on his net worth when figuring the parties' respective support obligations without considering Susan's net worth. He makes no cogent argument on this point, as required by Ind.Appellate Rule 8.3(A)(7), but we note that the trial court laboriously considered the financial resources of both parties in accordance with Indiana Code § 31–1–11.5–12(a)(1) (West Supp.1994).

### IV. Conclusion

For the reasons cited, we affirm the trial court.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.