In re the PATERNITY OF C.R.R.

Karen Peterson, Appellant–Petitioner,

v.

Leonard Walter Wallace, Appellee–Respondent.

No. 49A04–0101–CV–37.

Court of Appeals of Indiana.

May 29, 2001.

Publication Ordered July 16, 2001.

Steve Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Petitioner Karen Peterson ("Mother") appeals a child support order providing for a phase-in of the child support obligation of Appellee–Respondent Leonard Wallace ("Father"). We reverse and remand.

### Issue

Mother presents one issue for appeal, which we restate as: whether the trial court abused its discretion by entering a child support order that included a phase-in provision.

### Facts and Procedural History

On January 10, 2000, the Marion County Prosecutor filed an Alias Complaint to Establish Paternity and Support of C.R., born November 10, 1986. (R. 9.) Pursuant to a joint stipulation, Mother, Father and C.R. submitted to genetic testing on March 6, 2000. (R. 9, 15.) Father was not excluded as the biological father of C.R. (R. 31–A.) On September 14, 2000, the Marion County Circuit Court entered an order establishing the paternity of C.R. and ordering Father to pay child support arrearage in the amount of $7,592.00. (R. 16–17.) The parties submitted worksheets in compliance with the Indiana Child Support Guidelines ("Guidelines") reflecting a weekly child support obligation from Father to C.R. in the amount of $146.00. With regard to Father's ongoing child support obligation, the trial court's order provided:

Court orders a phase in of child support as follows: for Sept. 2000, the support amount shall be 100.00 per month. Said support shall increase 50.00 per month until the full $146 per week is in effect. (R. 18.) On October 11, 2000, Mother filed a Motion to Correct Error, challenging the phase-in provision of the child support order. (R. 20–21.) On October 18, 2000, the trial court denied the Motion to Correct Error as follows:

Comes now the Court after receiving the Petitioner's Motion to Correct Errors, and hereby enters the following entry: The Court found the Respondent was unable to earn extra income by means such as a part time job due to the fact he is now in the U.S. Military. The Court further found that the child support order of $146 per week would create a substantial change in the circumstances in the Respondent's life. To go from having to pay nothing to $146 per week when one's income is fixed is patently unfair and mandates that such an amount be phased in. The length of the phase in was made longer than usual because the Respondent supports not only himself, but other children as well. Because this entry has been made the Petitioner's Motion to Correct Error is denied.

(R. 4–5.) Mother now appeals.

### Discussion and Decision

#### I. Standard of Review

■ We observe at the outset that Father did not timely submit an appellee's brief. In this situation, we do not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish *prima facie* error. *Fisher v. Board of Sch. Trustees*, 514 N.E.2d 626, 628 (Ind.Ct. App.1986). *Prima facie*, in this context, is defined as "at first sight, on first appearance, or on the face of it." *Johnson County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App. 1985). Where an appellant is unable to meet that burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind.Ct.App. 1986).

#### II. Analysis

■ Father requested a phase-in of his child support obligation pursuant to Indiana Child Support Guideline 1 Commentary, which provides:

**Phasing in Support Orders.** Some courts may find it desirable in *modification* proceedings to gradually implement the Guideline order over a period of time, especially where support computed under the Guideline is considerably higher than the amount previously paid. Enough flexibility exists in the Guidelines to permit that approach, as long as the judge's rationale is explained with an entry such as: "The Guideline's support represents an increase of 40%, and the court finds that such an abrupt change in support obligation would render the obligor incapable of meeting his/her other established obligations." (Emphasis supplied)

However, the order in question is an initial child support order rather than a modification order. Thus, the foregoing Guideline commentary is not directly applicable.[1]

---

1. The Guideline Commentary is not binding. *In re the Paternity of T.W.C.*, 645 N.E.2d 1128, 1130 (Ind.Ct.App.1995). Nevertheless, in the context of a support *modification* proceeding, this Court has affirmed a child support order that included a short-term phase-in of the Guideline amount. *See Poynter v. Poynter*, 590 N.E.2d 150, 153 (Ind.Ct.App.1992) (holding that the trial court did not abuse its discretion by gradually implementing, over a

The "phase-in" of Father's initial child support obligation is in effect a deviation from the Guideline support amount, because for the one-year length of the "phase-in" period, C.R. receives child support in an amount less than that determined appropriate pursuant to application of the Guidelines. Accordingly, we review the challenged order as an initial child support order deviating from the Guidelines.

The Indiana Child Support Guidelines bear a rebuttable presumption of correctness. *Kinsey v. Kinsey*, 640 N.E.2d 42, 43 (Ind.1994). However, where the trial court finds that the Guideline amount is unjust or inappropriate in a particular case, the court may enter a support amount that is deemed appropriate. Indiana Child Support Guideline 3(F)(2). A deviation must be supported by proper written findings justifying the deviation. *Kinsey*, 640 N.E.2d at 44. We will reverse a trial court's child support order deviating from the appropriate Guideline amount only where the trial court's determination is clearly against the logic and effect of the facts and circumstances before the trial court, considering only the evidence and reasonable inferences favorable to the judgment. *Id.* at 43.

Here, the trial court's articulated reasons to support the deviation are as follows: (1) Father is not free to obtain a second job; (2) a support obligation changing from zero to $146.00 is "patently unfair" and (3) Father has other children to support. However, the factual circumstances referenced in the trial court's order are within the contemplation of the Guidelines, and thus do not render a Guideline-based award "unjust or unreasonable."

### A. Ability to Obtain a Second Income

It is undisputed that Father, a member of the U.S. Military, cannot simultaneously hold a second job. However, in a Guideline-based award of $146.00 weekly, only his current income is considered gross income for child support purposes, and no additional income is imputed to him. An award of $146.00 weekly is consistent with the amount reflected on the Child Support Obligation Worksheet, signed and jointly submitted by the parties. (R. 19.) In accordance with Indiana Child Support Guideline 3(A)(1), the worksheet reflects Father's actual income from his current employer and does not contemplate an additional source of income. Therefore, his inability to obtain a second income is not probative of whether the Guideline amount is unjust or unreasonable.

### B. Unfairness

The trial court opined that it is "patently unfair" to expect a parent who previously paid no child support to pay $146.00 weekly. However, in a proceeding for child support, there is a rebuttable presumption that the amount of the award which would result from the application of the Guidelines is the correct amount of child support to be awarded. *Hamiter v. Torrence*, 717 N.E.2d 1249, 1253 (Ind.Ct. App.1999). Necessarily, one who has a newly acquired legal obligation for the support of his or her child after a thirteen-year period of non-contribution will incur a significant change in circumstances. Nevertheless, this Court will not penalize a

two-month period of time, modified support payments, which rose from $50 to $119 per week). At that time, the relevant Indiana Child Support Guideline 1 Commentary provided: "Some courts may find it desirable in modification proceedings to gradually imple-

ment the Guideline order over a period of time, especially where support computed under the Guideline is considerably higher than the amount previously paid under the court's former system of establishing support."

child for a parent's delay in pursuing child support. *Knaus v. York,* 586 N.E.2d 909, 913 (Ind.Ct.App.1992). No deviation from the Guidelines may be supported upon the premise that the Guidelines are patently unfair in application.

### C. Subsequent Children

The Commentary to Indiana Child Support Guideline 3 provides in pertinent part:

> In determining support orders, an adjustment should be made in arriving at Weekly Gross Income of the parents in instances where either or both have natural or legally adopted children who were born or adopted subsequent to the prior support order. The adjustment should be computed as follows:
>
> STEP 1: Determine the number of natural or legally adopted children born or adopted by the custodial and/or noncustodial parents subsequent to entry of the present support order, and who are living in the respective parent's household.
>
> STEP 2: Adjust the Weekly Gross Income of each parent according to the number of natural or legally adopted children in their household, by multiplying their Weekly Gross Incomes by one of the following percentages and entering the product on line 1 of the worksheet.... 2 children    .903 = 100 - (1.5 X 6.5)

The record discloses that Father has two children born of his current marriage who are living in his household. Moreover, the record reflects that the corresponding multiplier was employed in the completion of the Child Support Obligation Worksheet, and Father's Weekly Gross Income available for the support of C.R. was reduced accordingly. Thus, the circumstance that Father has other children to support was taken into account in the Guideline-based calculation. Father is not entitled to an additional deviation on this basis.

### Conclusion

The trial court properly determined that $146.00 weekly is the appropriate amount of child support under the Guidelines. However, in ordering a one-year phase-in of the child support amount, the trial court effectively deviated from the Guidelines in that C.R. would receive significantly less child support than the Guideline amount. To support a deviation, the trial court was required to articulate reasons, supported by the evidence, that a Guideline amount was unjust or inappropriate. However, the order in question fails to establish the injustice or inappropriateness of a Guideline-based award. Therefore, we reverse and remand with instructions to enter a child support order consistent with the Indiana Child Support Guidelines.

Reversed and remanded.

BAKER, J., and MATHIAS, J., concur.

### ORDER

This Court having heretofore handed down its opinion in this appeal on May 29, 2001, marked Memorandum Decision, Not for Publication;

Comes now the Appellant, by counsel, and files herein Motion to Publish, alleging therein that this Court's Memorandum Decision involves a legal issue of substantial public importance relating to the support of minor children and therefore should be public pursuant to appellate Rule 65(A)(3), which said Motion is in the following words and figures, to-wit:

(H.I.)

And the Court, having examined said Motion, having reviewed its opinion in this case, and being duly advised, now finds that said Motion to publish should be granted and that this Court's opinion here-

tofore handed down as a Memorandum Decision should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The Appellant's Motion to Publish is granted:

2. This Court's opinion heretofore handed down in this cause in May 29, 2001, marked Memorandum Decision, Not for Publication, is now ordered published.