

FILED

Sep 03 2024, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

Michael DeGrado, Sr.,

*Appellant-Respondent*

v.

Kari A. DeGrado,

*Appellee-Plaintiff*

---

September 3, 2024

Court of Appeals Case No.
24A-DC-187

Appeal from the Lake Superior Court

The Honorable Alexis Vazquez Dedelow, Magistrate

Trial Court Cause No.
45D03-2009-DC-530

---

**Opinion by Judge Tavitas**
Judges Crone and Bradford concur.

**Tavitas, Judge.**

## Case Summary

[1] Michael DeGrado ("Father") filed a petition to modify his child support payments to Kari DeGrado ("Mother"). The trial court granted Father's petition but did not reduce Father's child support obligations by as much as Father requested. The trial court also refused to consider the issue of the parents' division of the children's extracurricular expenses.

[2] Father appeals and claims that the trial court erred by: (1) failing to consider Father's claims regarding expenses for the children's extracurricular activities; and (2) considering Father's reimbursed out-of-pocket work-related expenses as part of Father's income when determining Father's child support obligation. We agree with Father that the trial court should have permitted him to present argument and evidence regarding the extracurricular expenses, but we conclude that Father has failed to establish clear error with regard to the issue of his reimbursed expenses. Accordingly, we affirm in part, reverse in part, and remand.

## Issues

[3] Father presents two issues, which we expand and restate as:

      I.      Whether extracurricular expenses are considered child support.

      II.     Whether the trial court erred by failing to consider Father's claims regarding expenses relating to extracurricular

activities when Father did not specifically raise such claims in his petition to modify.

III. Whether the trial court clearly erred by considering Father's reimbursed out-of-pocket work-related expenses as income when determining Father's child support obligation.

## Facts

Mother and Father were married on October 5, 2003. The parties have two children: Mi.D., who was born in March 2004; and Ma.D., who was born in August 2007. On September 4, 2020, Mother filed a petition for dissolution of marriage. The parties entered into a settlement agreement ("the Agreement") on June 29, 2021. Pursuant to the Agreement, Father's child support obligation was $338 per week. The Agreement also provided that Mother and Father "will contribute toward agreed upon or historic extracurricular activities of the children according to their income percentage on the attached child support worksheet until modified by Court Order." Appellant's App. Vol. II p. 21. The income percentage on the worksheet at that time was approximately 85% Father and 15% Mother.

On September 27, 2022, Father filed a pro se verified petition to modify child support. The trial court held a hearing on this petition on December 7, 2022,

and, on December 20, 2022, the trial court entered an order that reduced Father's child support obligation to $267 per week.[1]

[6] On October 2, 2023, Father filed another pro se verified petition for modification of child support.[2] In this petition, Father alleged that, since the parties had entered into the Agreement: "[Mi.D] has turned 19, it has been 12 months since the last filing, and there has been more than 20% change in income." *Id*. at 30-31.

[7] The trial court held a hearing on Father's petition on November 27, 2023, at which Father attempted to present an argument related to Mother's alleged failure to pay her share of the children's extracurricular expenses for wrestling. Mother's attorney objected because Father did not include any allegation or argument on this issue in his petition to modify child support. The trial court sustained Mother's objection.

[8] Father also presented evidence that his income had decreased since the last support order. Father argued that "expenses" for which he was reimbursed by his employer should be deducted from his gross income. Tr. Vol. II p. 29. The trial court rejected Father's argument. Still, based on the undisputed emancipation of Mi.D., the trial court determined that Father's child support

---

[1] At the hearing on Father's petition to modify child support, the trial court also considered Mother's petition to hold Father in contempt. In its December 20 order, the trial court found Father in contempt and ordered Father to pay Mother's attorney fees as a sanction.

[2] Father used the petition to modify child support form approved by the Coalition for Court Access.

obligation should be reduced. Accordingly, the trial court entered an order on December 11, 2023, granting Father's petition, finding that Mi.D. was emancipated by law as of his nineteenth birthday, and reducing Father's child support obligation to $199 per week, retroactive to the date of the filing of the petition. Father now appeals.

## Discussion and Decision

### I. Extracurricular expenses are child support.

The first issue we address is whether extracurricular expenses are considered "child support" for notice purposes in a petition to modify child support. In other words, is a parent who files a petition to modify child support required to specifically state all aspects of child support the parent seeks to modify? In addressing this question, we first look to the Child Support Guidelines. Extraordinary extracurricular expenses are specifically delineated in Child Support Guideline 8 as follows:

> The economic data used in developing the Child Support Guidelines does not include components related to those expenses of an "optional" nature such as costs related to summer camp, soccer leagues, scouting and the like. When both parents agree that the child(ren) may participate in optional activities, the parents should pay their pro rata share of these expenses from line 2 [percentage share of gross weekly income] of the Child Support Obligation Worksheet. . . . .

Thus, extracurricular expense payments are indeed child support. The parties here have previously agreed to pay for extracurricular expenses according to

their child support percentages denoted on the child support worksheet; the trial court granted Father's petition to modify child support which modified the child support income percentages for each parent. We have no difficulty finding that these extracurricular expenses, which had been previously agreed upon and approved by the court, are indeed child support.

## II. Father's petition to modify his child support put Mother on notice that the extracurricular expenses were at issue.

[11] Father argues that the trial court erred by preventing him from presenting evidence and argument on the children's extracurricular wrestling expenses. Mother argued, and the trial court agreed, that this issue was beyond the scope of Father's petition to modify child support.[3] We disagree.

[12] Under notice pleading, consistent with Indiana Trial Rule 8(A), a plaintiff need only plead the operative facts involved in the litigation. *See Shields v. Taylor*, 976 N.E.2d 1237, 1245 (Ind. Ct. App. 2012). Whether a complaint sufficiently pleads a certain claim turns on whether the opposing party has been sufficiently notified so as to be prepared to meet the claim. *Id*.

[13] Here, the parties had previously agreed to pay extracurricular expenses according to their child support income percentages.[4] Father subsequently filed

---

[3] Father's argument on this issue is, admittedly, minimal. But we are able to discern his position, and we prefer to address issues on their merits when possible. *Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015).

[4] As noted, the parties' Agreement provided that Mother and Father would "contribute toward agreed upon and or historic extracurricular activities of the children according to their income percentages on the attached child support worksheet until modified by Court Order." Appellant's App. Vol. II p. 21.

a petition to modify his child support obligation. Given the interrelated nature of Father's child support obligation and the parties' corresponding share of extracurricular expenses, Mother was put on sufficient notice of this interrelated issue of extracurricular expenses based upon the parties' prior agreements.

[14] Child support determinations and modifications are not meant to be considered in a vacuum, with one portion of child support considered at one hearing and related portions of child support at another hearing. Nor do we believe that family law practitioners read the Child Support Guidelines as separate sections, requiring piecemeal litigation. Such piecemeal litigations breed inefficiency, costly litigation, and costly appeals. Rather, the Child Support Guidelines should be read as a whole.

[15] Because the trial court here refused to allow Father to argue or submit evidence regarding wrestling expenses, we are unaware of Father's specific requests regarding these expenses. The trial court denied Father the opportunity to discuss his requests and stated that Father could not argue regarding the wrestling expenses because he failed to state this ground in his motion. Accordingly, we assume that the trial court determined that: (1) the wrestling expenses were not interrelated child support, and (2) petitions to modify child support require specific pleading of all types of child support considerations for modification. Our Child Support Guidelines and case law say otherwise.

[16] In *Carter v. Dayhuff*, 829 N.E.2d 560 (Ind. Ct. App. 2005), the father filed a petition to modify the dissolution decree to require the mother to pay a portion

of their child's college expenses. The trial court's order not only required the mother to pay a portion of the child's college expenses but also modified the mother's child support obligation. On appeal, the mother argued that this was improper because the father had only requested assistance with the college expenses. We disagreed and affirmed the trial court, writing:

> Regardless of how Father styled his motion, this case involved interrelated questions of child support and college expenses. Specifically, Father was seeking a modification of the previous child support order to take into account college expenses. Given these particular circumstances, Mother could not have been surprised that child support was addressed. Had child support not been addressed and Mother's support not been abated when both sons entered college, we are confident that Mother would be arguing otherwise. The court did not err in addressing child support and college expenses together.

*Id*. at 567; *see also Deel v. Deel*, 935 N.E.2d 183, 188-89 (Ind. Ct. App. 2010) (noting that a petition requesting college expenses may also place child support at issue).

[17] In *Thurman v. Thurman*, 777 N.E.2d 41 (Ind. Ct. App. 2002), the father filed a petition to modify custody and child support. At the hearing on the father's petition, the mother made arguments and asked questions regarding the father's failure to pay his child support and the resulting arrearage. The trial court overruled the father's objection to this line of questioning and the admission of the mother's evidence regarding the arrearage. The trial court found the father to be in arrears and ordered him to pay an additional amount toward the

arrears. On appeal, the father argued that he had no notice of the arrearage issue and that he was, therefore, unprepared to address the issue of any arrearage. We disagreed and held that the issue of the arrearage was "linked" with the issue raised in the father's petition to reduce his child support and was "but a part of the broader issue of child support." *Id*. at 44.

[18] The same is true here. The allegations in Father's petition to modify child support were sufficient to raise the interrelated issue of the parents' respective share of extracurricular expenses. Put differently, the issue of the parents' share of extracurricular expenses, which are a form child support, was part of the broader issue of child support raised in Father's petition to modify. The trial court erred by concluding otherwise and forbidding Father from presenting evidence and argument on the issue extracurricular expenses.[5] We therefore reverse the trial court's judgment to the extent that it refused to consider this issue and remand with instructions that the trial court consider the issue of the parents' share of extracurricular expenses.

### III. The trial court did not clearly err in calculating Father's weekly gross income.

[19] Father also claims that the trial court erred by failing to exclude from its calculation of Father's gross income certain expenses for which Father's

---

[5] We find Mother's reliance on *Gielsdorf-Aliah v. Aliah*, 560 N.E.2d 1275 (Ind. Ct. App. 1990), to be misplaced. In that case, we reversed the trial court's modification of child support because neither parent petitioned the trial court for modification. *Id*. at 1277. Here, Father petitioned the trial court to modify his child support obligation, which should have put Mother on notice regarding the interrelated issue of the parents' share of extracurricular activities.

employer reimbursed him. "'[A] trial court's calculation of child support is presumptively valid.'" *Bogner v. Bogner*, 29 N.E.3d 733, 738 (Ind. 2015) (quoting *Young v. Young*, 891 N.E.2d 1045, 1047 (Ind. 2008)). "Upon the review of a modification order, 'only evidence and reasonable inferences favorable to the judgment are considered.'" *Id.* (quoting *Kinsey v. Kinsey*, 640 N.E.2d 42, 44 (Ind. 1994)). The trial court's order will be set aside only if it is clearly erroneous. *Id.* "Clear error" is error that "leaves us with a definite and firm conviction that a mistake has been made." *Masters v. Masters*, 43 N.E.3d 570, 575 (Ind. 2015).

[20] The calculation of the weekly gross income of both parents is the "starting point" when determining a parent's child support obligation. *Meredith v. Meredith*, 854 N.E.2d 942, 947 (Ind. Ct. App. 2006) (citing Ind. Child Support Guideline 3(A), cmt. 2), *opinion on reh'g.* Weekly gross income is defined as "actual weekly gross income of the parent if employed to full capacity, potential income if unemployed or underemployed, and the value of 'in kind' benefits received by the parent." Child Supp. G. 3(A)(1); *accord Meredith*, 854 N.E.2d at 947. Child Support Guideline 3(A)(2) also provides:

> Weekly Gross Income from self employment, operation of a business, rent, and royalties is defined as gross receipts minus ordinary and necessary expenses. In general, these types of income and expenses from self employment or operation of a business should be carefully reviewed to restrict the deductions to reasonable out of pocket expenditures necessary to produce income. These expenditures may include a reasonable yearly deduction for necessary capital expenditures. Weekly Gross

Income from self employment may differ from a determination of business income for tax purposes.

Expense reimbursements or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business should be counted as income if they are significant and reduce personal living expenses. Such payments might include a company car, free housing, or reimbursed meals.

[21] Father argues that the reimbursements he receives from his employer for his out-of-pocket expenses are unlike the in-kind benefits mentioned in the Guidelines and should have been excluded from the calculation of his income on the child support worksheet. In support of his claim, Father testified that his employer reimbursed him for "out of pocket" expenses, and he submitted paystubs showing the amount he received as "EXPENSES–NON TX." Tr. Vol. II p. 29, Ex. Vol. pp. 19, 21. Father, however, did not submit any evidence about the nature of his "out of pocket" expenses, nor did he present any itemization of such expenses. Without such detailed information, we cannot say that the trial court erred by failing to exclude such reimbursed expenses when determining Father's weekly gross income for child support purposes.

[22] Father also notes that the law in Illinois, where he lives, requires employers to reimburse an employee for "all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer." 820 Ill. Comp. Stat. Ann. 115/9.5(a). Father claims that such reimbursements are excluded from an employee's income for purposes of the federal income tax. The citation Father provides in

support of this claim, however,—"US code 26 § 1.62-2(c)(1)"—is not a valid citation to the United States Code.[6]  Appellant's Br. p. 9.

[23]  Assuming *arguendo* that reimbursed out-of-pocket expenses can be excluded from Father's taxable income, this does not mean that such reimbursements cannot be included in the determination of Father's income when calculating his child support obligation.  Indeed, Commentary 2 to Child Support Guideline 3(A) states, "In calculating Weekly Gross Income, it is helpful to begin with total income from all sources.  This figure may not be the same as gross income for tax purposes."  *See also* Child Supp. Guideline 1, commentary ("One of the policy decisions made by the Judicial Administration Committee in the early stages of developing the Guidelines was to use a gross income approach as opposed to a net income approach.").

[24]  Father cites no other authority to support his argument that his employer's reimbursement of his expenses cannot be included in his income when calculating his child support simply because they are not included in his taxable

---

[6] Father most likely intended to cite 26 C.F.R. § 1.62-2(c)(1), a part of the Code of Federal Regulations, not the United States Code.  This regulation provides:

> (c) Reimbursement or other expense allowance arrangement—(1) Defined. For purposes of §§ 1.62-1, 1.62-1T, and 1.62-2, the phrase "reimbursement or other expense allowance arrangement" means an arrangement that meets the requirements of paragraphs (d) (business connection), (e) (substantiation), and (f) (returning amounts in excess of expenses) of this section.  A payor may have more than one arrangement with respect to a particular employee, depending on the facts and circumstances. See paragraph (d)(2) of this section (payor treated as having two arrangements under certain circumstances).

Father provides no analysis of this regulation, nor does he otherwise explain how it supports his claim that his employer's reimbursements of his expenses should be excluded from his income for purposes of determining his child support obligation.

income.  Accordingly, we cannot say that the trial court clearly erred by including such reimbursements in Father's income when it calculated Father's child support obligation.

## Conclusion

The trial court abused its discretion by forbidding Father from presenting evidence and argument on the issue of the parties' division of extracurricular expenses.  Father, however, has failed to show that the trial court clearly erred by including Father's employer-reimbursed expenses in his income when calculating Father's child support obligation.  Accordingly, we affirm in part, reverse in part, and remand.

Affirmed in part, reversed in part, and remanded.

Crone, J., and Bradford, J., concur.

APPELLANT PRO SE
Michael DeGrado
Dyer, Indiana

ATTORNEY FOR APPELLEE
Debra Lynch Dubovich
Levy & Dubovich
Merrillville, Indiana